NO. 07-09-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 16, 2010

_____

EUTIMIO OLIVAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5793; HONORABLE KELLY G. MOORE, PRESIDING

_____

*Memorandum Opinion*

_____

Before  QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Eutimio Olivas was convicted of two counts of indecency with a child (his stepdaughter).  In appealing those convictions, he contends the evidence is legally and factually insufficient to support them.  The judgments are affirmed.

We review challenges to the sufficiency of the evidence under the standards discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006).  Appellant was charged with intentionally and knowingly engaging in sexual contact with the complainant by

touching her anus and her breast. He argues that the evidence shows at most that he only "attempted" to commit indecency with a child because he did not actually touch the complainant's breast or anus. We disagree.

The complainant, who was fifteen at the time of trial, testified that as appellant was waking her up, he put his hand "in my pants and my underwear and started rubbing my butt all the way to where you use the rest-room." Another time when she was sleeping, he rubbed her back, tried to remove the strap of her bra, and touched the side of her breast. She admitted that, prior to trial, she had never told anyone other than the district attorney that appellant had touched her anus. However, this was because she was young and did not explain the "details," she continued. Furthermore, when asked if her "butt" encompassed only the "cheeks," she replied that she "would consider it all of it." She also denied ever "changing" her story. At other times, she also described the incidents as being touched "almost to where you use the rest-room" and not being touched on the breast but "[l]ike right here [demonstrative]." There was further evidence that a police officer asked her if she had been touched by appellant on her breast and she indicated she had not.

Appellant gave a statement to police in which he admitted that he had touched the complainant on the breast "under her blouse" and "under her pants" on "her butt." However, at trial he explained that he had admitted to those events because he believed he could keep his family together if he did so but they did not happen the way he described them.

Admittedly, the evidence as to the exact places where the complainant was touched is conflicting. Yet, that alone does not render the evidence insufficient.

2

*Watson v. State,* 204 S.W.3d at 417 (stating that it is not enough for a new trial that a conflict in the evidence would cause an appellate court to disagree with the jury's resolution of the conflict). The complainant did testify that she was rubbed up to where one uses the restroom from which the jury could reasonably infer that she was touched on her anus. *See Hill v. State,* 3 S.W.3d 249, 254 (Tex. App.–Waco 1999, pet. ref'd) (stating that when the victim said she was touched in the place she went to the bathroom, the jury could infer she was touched on her genitals).  She also stated at least once that she was touched on her breast and appellant admitted to touching her on the breast.  This testimony is legally sufficient to sustain the convictions.  *Jensen v. State,* 66 S.W.3d 528, 534 (Tex. App.–Houston [14[th] Dist.] 2002, pet. ref'd) (stating that the testimony of the complainant alone is sufficient to support a conviction).

The other evidence of record tends to place her credibility in question.  But, whether to believe or disbelieve her was a matter within the jury's province, that is, for it to resolve.  *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We cannot say that the manner in which it resolved the issue was so against the great weight of the evidence as to undermine our confidence in it.  That is, we see no manifest injustice given the totality of the evidence before the jury.

Accordingly, we overrule the issues, find the evidence to be both legally and factually sufficient to support the verdicts, and affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.